UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LESA A. BORQUEZ, | ) | CASE NO. C05-1370-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Lesa A. Borquez proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II, 42 U.S.C. §§ 416(i), 423(d), and to Supplemental Security Income (SSI) disability benefits under Title XVI, 42 U.S.C. § 1383(c)(3) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that the decision be REMANDED for further administrative proceedings.

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1958.[1] She completed high school and attended three years of college, but did not obtain a degree. Her past work experience includes employment as a clerical worker, cannery worker, and a field representative for a research firm. Plaintiff applied for DI and SSI on November 22, 2002. Her application was denied initially and on reconsideration, and she timely requested a hearing.

A hearing was held before an ALJ on September 1, 2004, taking testimony from plaintiff and a vocational expert. (AR 388-443.) On November 20, 2004, the ALJ issued a decision finding plaintiff not disabled. (AR 15-22.) On June 13, 2005, the Appeals Council denied plaintiff's request for review. (AR 4-7.) Thus, the ALJ's decision became the final decision of the Commissioner. Plaintiff appealed to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one of the sequential evaluation process, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date.

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01  At step two, it must be determined whether a claimant suffers from a severe impairment.
02 The ALJ found that plaintiff had severe impairments consisting of a major depressive disorder,
03 personality disorder, and substance addiction disorder.

04  Step three asks whether a claimant's impairments meet or equal a listed impairment. The
05 ALJ found that the evidence supported a finding of only mild or moderate functional limitations
06 in plaintiff's activities of daily living, only mild or moderate impairment-related limitations in her
07 social functioning, concentration, persistence and pace, and a lack of evidence of sufficient
08 episodes of decompensation to establish that plaintiff's impairments met or equaled a listed
09 impairment.

10  If a claimant's impairments do not meet or equal a listing, the Commissioner must assess
11 residual functional capacity (RFC) and determine at step four whether the claimant has
12 demonstrated an inability to perform past relevant work. The ALJ found plaintiff not able to
13 perform her past relevant work that involved significant contact with the public. If a claimant
14 demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner
15 to demonstrate at step five that the claimant retains the capacity to make an adjustment to work
16 that exists in significant levels in the national economy. The ALJ found plaintiff able to perform
17 a significant number of jobs in the national economy, including cleaner, housekeeping maid, and
18 security monitor.

19  A plaintiff will be found to be "not disabled" if drug addiction and/or alcoholism (DAA)
20 is a contributing factor material to the determination of disability. 42 U.S.C. § 423(d)(2)(C), 20
21 C.F.R. § 416.935(a). The burden is on plaintiff to establish that DAA is not material to the
22 disability claim. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001). Because the ALJ found

REPORT AND RECOMMENDATION
PAGE -3

plaintiff was not disabled at step five, he did not determine whether her substance addiction disorder was a material contributing factor to her disability.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends that the ALJ committed legal error in failing to consider the opinions of Dr. Morris, an examining psychologist, in failing to account for the totality of the opinions of Dr. Sanford, a non-examining psychologist, and in failing to incorporate these opinions into the ALJ's RFC finding and in the hypothetical posed to the vocational expert. Plaintiff further argues that the ALJ did not provide legally sufficient reasons for rejecting the opinion of Dr. Hammer, an examining psychologist, regarding her limitations, and erred in considering a statement submitted by the vocational expert post-hearing without proffering it to plaintiff to review. Plaintiff also contends the ALJ's credibility finding was not supported by substantial evidence. Finally, plaintiff contends that the ALJ did not properly evaluate her obesity and use of a cane.

The Commissioner agrees that a remand is necessary to allow further evaluation of the opinions of Drs. Morris and Sanford, the impairment of obesity, and plaintiff's complaints of left leg and back pain. However, the Commissioner contends that the ALJ's credibility finding was

REPORT AND RECOMMENDATION
PAGE -4

proper and supported by substantial evidence, as was the evaluation of the opinions of Dr. Hammer. Plaintiff replies that it would be premature for this Court to address the ALJ's consideration of the opinions of Dr. Hammer and the assessment of plaintiff's credibility, suggesting that those two issues will necessarily need to be reevaluated upon the ALJ's reconsideration of the agreed upon issues.

<u>Consideration of the Opinions of Drs. Morris and Sanford</u>

The parties agree that the opinions of examining psychologist Dr. Morris and non-examining psychologist Dr. Sanford should be further evaluated on remand. Dr. Morris, who examined plaintiff for the state Department of Social and Health Services, administered testing and made clinical findings in support of the diagnoses of moderately severe depressive disorder not otherwise specified, moderately severe generalized anxiety disorder, and markedly severe panic disorder. Dr. Morris also specified attendant work-related mental limitations. However, the ALJ did not address Dr. Morris's findings or conclusions.

The ALJ did discuss the opinion of consultative expert Dr. Sanford, a clinical psychologist, giving it "considerable weight." (AR 19.) The parties agree, however, that the ALJ did not address certain aspects of Dr. Sanford's opinion. Specifically, Dr. Sanford stated that plaintiff "would do best in a stable work environment" (AR 275), was moderately limited in the ability to maintain attention and concentration for extended periods (AR 273), was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors (AR 274), and was moderately limited in the ability to respond appropriately to changes in the work setting (*id*.). While Dr. Sanford found that plaintiff had "moderate" difficulties in maintaining concentration, persistence or pace (AR 270), the ALJ ambiguously found "the evidence establishes

REPORT AND RECOMMENDATION
PAGE -5

01 only mild or moderate impairment-related limitations in the claimant's social functioning,
02 concentration, persistence and pace." (AR 18.)

03 On remand, the ALJ should fully evaluate the opinions of Drs. Morris and Sanford.

04 <u>Evaluation of Plaintiff's Physical Impairments</u>

05 As the Commissioner concedes, the ALJ is required to consider limitations and restrictions
06 imposed by all of an individual's impairments, even those that are not "severe." "While a 'not
07 severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic
08 work activities, it may – when considered with limitations or restrictions due to other impairments
09 – be critical to the outcome of a claim." Social Security Ruling (SSR) 96-8p. Here, the parties
10 agree that several of plaintiff's physical impairments were not adequately considered. On remand,
11 the ALJ should evaluate plaintiff's obesity, back complaints, and the pain in her left leg related to
12 a blood clot.

13 <u>Opportunity for Plaintiff to Respond to Post-Hearing Exhibit</u>

14 At the conclusion of the hearing, the vocational expert agreed to provide the Dictionary
15 of Occupational Titles (DOT) job numbers for the positions of housekeeper and motel maid. (AR
16 438.) The expert was instructed to provide a copy of the information to plaintiff's attorney, as
17 well as to the ALJ. The information was provided to the ALJ, consisting of the DOT title, code,
18 skill level, exertional level, and the number of jobs available in the State of Washington (AR 107),
19 and the ALJ referenced the information in the decision (AR 20). However, plaintiff contends,
20 without disagreement from the Commissioner, that the exhibit was not proffered to her or her
21 attorney before the decision was rendered. (*See* Dkt. 12 at 15 and Dkt. 18 at 12.) On remand,
22 plaintiff should have an "opportunity to examine the evidence and comment on, object to, or refute

REPORT AND RECOMMENDATION
PAGE -6

01 the evidence by submitting other evidence, requesting a supplemental hearing, or if required for
02 a full and true disclosure of the facts, cross-examining the author(s) of the evidence." Hearings,
03 Appeals, and Litigation Law Manuel (HALLEX), § I-2-7-1.

04 <u>Other Issues</u>

05 In her opening brief, plaintiff raises two additional issues for consideration. Plaintiff argues
06 that the ALJ's evaluation of her credibility was deficient, and that the ALJ improperly rejected the
07 opinions of examining psychologist Dr. Hammer.  In response, the Commissioner argues that the
08 ALJ provided clear and convincing reasons to find plaintiff not credible, and gave legally sufficient
09 reasons for discounting the opinions of Dr. Hammer.  In light of the Commissioner's concession
10 that the matter must be remanded on the grounds discussed above, plaintiff replies that it would
11 be premature to affirm the ALJ on these two issues, since the ALJ's consideration on remand may
12 implicate the evaluation of her credibility and Dr. Hammer's opinions.

13 Plaintiff's argument is well taken.  On remand, the ALJ should properly evaluate the
14 opinions of Drs. Morris and Sanford, evaluate those physical impairments that the ALJ finds to
15 be established by record evidence, and proffer post-hearing Exhibit 8E to plaintiff with an
16 opportunity for plaintiff to respond. In light of that re-evaluation, if appropriate, the ALJ should
17 reassess the plaintiff's credibility and the weight given to Dr. Hammer's opinions.

18 / / /
19 / / /
20 / / /
21 / / /
22

REPORT AND RECOMMENDATION
PAGE -7

## **CONCLUSION**

For the reasons described above, the undersigned recommends that the decision be REMANDED for further administrative proceedings.

DATED this  19th  day of  April , 2006.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -8